Filed 12/11/25  P. v. Davidsonporter CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C102571 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF06492) |
| v. | |
| SCOTT ALLEN DAVIDSONPORTER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Scott Allen Davidsonporter asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The appeal is taken from a plea agreement.  The parties stipulated the trial court could "draw a factual basis from the probation reports."  Accordingly, we derive the facts of the offense from the probation report.

1

In 2021, the Butte Interagency Narcotics Task Force (Task Force) received information that defendant was selling illegal narcotics and/or firearms. The Task Force obtained a search warrant for defendant's home and, on November 17, 2021, executed that warrant.

Inside defendant's home the Task Force found two bags of methamphetamines (1.97 grams and 8 grams net weight, respectively), a cellular phone, several handguns, a "short-barreled AR-15 style rifle," a "rifle action," digital scales, and a "black soft case" that contained 300 grams of methamphetamines and 25 grams of cocaine. The Task Force also found a locked safe in the house, inside of which they found three more handguns and "several shotguns and/or rifles."

The prosecution subsequently charged defendant with possession of cocaine for purposes of sale, possession of methamphetamines for purposes of sale, unlawful possession of ammunition, possession of a firearm by a felon, and possession of a short-barreled rifle or shotgun.

In July 2024, defendant pled no contest to possession of cocaine for the purpose of sale and being a felon in possession of a firearm. In exchange for his plea, the trial court dismissed the remaining charges with a *Harvey*[1] waiver.

At sentencing, the trial court denied defendant's request for probation and sentenced him to prison for the middle term of three years for the cocaine possession count and a consecutive eight months (one-third the middle term) for the unlawful firearm possession count. The court ordered defendant to pay the minimum restitution fine and imposed but stayed the matching parole revocation restitution fine. The court also ordered defendant to pay an $80 court operations assessment, along with a $60 conviction assessment, and awarded him one day of custody credit.

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

Defendant appeals without a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


/s/_____
ROBIE, J.


We concur:


/s/_____
EARL, P. J.


/s/_____
MESIWALA, J.

3